United States District Court
For the Northern District of California

*E-Filed 06/07/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PETER SZANTO,   No. C 10-1364 RS

      Plaintiff,   **ORDER REMANDING CASE**

  v.

SZANTO REVOCABLE TRUST OF 1991,

      Defendant.
_____/

## I.   INTRODUCTION AND RELEVANT FACTS

Peter Szanto ("Peter") attempts to remove to federal court a probate matter filed in May of 2006 in the Superior Court of California, San Mateo County. That case was filed by petitioners Paul and Victor Szanto as trustees of the Klara Szanto Revocable Trust. The petitioners initiated the state court matter with a petition to confirm transfer of a residence belonging to Klara and Paul Szanto into the Trust. Peter, the eldest son of Paul and Klara, sought permission to oppose the petition and to assert a right to Trust assets without effectively "contesting" his mother's will. The superior court denied his request. An appellate court affirmed and observed that Peter was not actually a Trust beneficiary. Peter thereafter filed a petition to change venue to Orange County. This petition was denied. On January 25, 2010, Peter filed yet another petition seeking declaratory relief and

claiming rights to his parents' assets. On March 2, one of the trustees sought to declare Peter a vexatious litigant. Peter filed a new complaint in the Central District of California on March 29, 2010, alleging that the attorneys and various judges involved in the probate matter violated certain provisions of the Civil Rights Act. He then removed this matter to federal court on March 31. He claims his section 1983 averments advanced in the Central District hail, at least in part, from the trustee's vexatious litigant allegations. In this sense, he seems to fashion himself a "defendant" in the probate matter for purposes of the federal removal statute. This matter is appropriately resolved without oral argument pursuant to Local Civil Rule 7-1(b). Accordingly, the motion hearing set for **June 10, 2010** is **vacated**.

## II.  LEGAL STANDARD AND DISCUSSION

The federal removal statute, 28 U.S.C. 1441(a), permits a defendant to remove to federal court "only [those] state court actions that originally could have been filed in federal court . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Absent diversity of citizenship, federal-question jurisdiction is required. *Id.* The party invoking section 1441 bears the burden of establishing federal question jurisdiction and a district court strictly construes the statute against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Federal question jurisdiction analysis necessarily begins with the well-pleaded complaint rule: "Whether a case is one arising under the Constitution or a law . . . of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . ." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914).

While Peter repeatedly classifies himself in his papers as a "plaintiff," he also contends that he may remove the probate matter to federal court as a "defendant" in light of the trustee's vexatious litigation motion. It is this allegation, he contends, that gives rise to his section 1983 claims. That said, he raised these claims not in the probate matter at all but in a separate lawsuit filed in the United States District Court for the Central District of California. Even assuming Peter had filed a proper counter-claim in *this* case that raised the Civil Rights Act issue, he could not rely on it to remove the probate matter to federal court. There are two reasons. First, resolution of the probate

NO. C 10-1364 RS
ORDER REMANDING CASE

2

issues does not involve any cognizable federal claim, nor does the vexatious litigant issue involve federal law. Second, removal is a defendant's procedural option and the grounds for it must arise from the *plaintiff*'s complaint. *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936). A defendant cannot rely on federal claims raised in his or her own counter or cross complaint. *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1303 (9th Cir. 1975) ("Removability cannot be created by defendant pleading a counter-claim presenting a federal question under 28 U.S.C. [section] 1331."). Accordingly, the probate matter must be remanded to state court.

An order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). The Trust seeks such an award here. As the Supreme Court has instructed, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141. While it is true that there is no substantive basis to support Peter's removal, he does aver that he at least believed his section 1983 claim was properly raised and warranted removal. As a pro se litigant, Peter's lack of understanding as to the specialized procedural hurdles involved in removal jurisdiction is understandable. Accordingly, the Trust's motion for attorney fees is denied.

IT IS SO ORDERED.

Dated: 06/07/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Peter Szanto**
P.O. Box 10451
Newport Beach, CA 92658

DATED: 06/07/2010

                                         /s/ Chambers Staff
                                         Chambers of Judge Richard Seeborg

* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.

No. C 10-1364 RS
ORDER REMANDING CASE

4