*E-Filed 06/28/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PETER SZANTO,                                                    No. C 10-1364 RS

        Plaintiff,                                             **ORDER**

  v.

SZANTO REVOCABLE TRUST OF 1991,

        Defendant.
_____/

    Peter Szanto ("Peter")[1] has filed an application to "extend time to file [an] appeal in this case and recall the Order of Remand." On June 7, 2010 this Court issued an order remanding to state court the probate matter removed by Peter. That Order explained that removal is a defendant's option; Peter is not a defendant. Moreover, the Order recognized that the probate matter involved only issues of state law and, accordingly, that this Court lacked any basis for subject matter jurisdiction. To the extent Peter's application seeks reconsideration from this Court of that order of remand, it is denied. It is not clear how an "extension of time to file" his appeal is necessary and this request is also denied.

---

[1] The Court uses Mr. Szanto's first name in this Order to differentiate him from the other members of his family who are identified in the course of the discussion.

No. C 10-1364 RS
ORDER

A brief recitation of the factual background proves helpful. The underlying probate matter was filed in May of 2006 in the Superior Court of California, San Mateo County. That case was filed by petitioners Paul and Victor Szanto as trustees of the Klara Szanto Revocable Trust. The petitioners initiated the state court matter with a petition to confirm transfer of a residence belonging to Klara and Paul Szanto into the Trust. Peter, the eldest son of Paul and Klara, sought permission to oppose the petition and to assert a right to Trust assets without effectively "contesting" his mother's will. The superior court denied his request. An appellate court affirmed and observed that Peter was not actually a Trust beneficiary. Peter thereafter filed a petition to change venue to Orange County. This petition was denied. On January 25, 2010, Peter filed another petition seeking declaratory relief and claiming rights to his parents' assets. On March 2, one of the trustees sought to declare Peter a vexatious litigant. Peter filed a new complaint in the Central District of California on March 29, 2010, alleging that the attorneys involved in the probate matter violated certain provisions of the Civil Rights Act. He then removed the probate matter to federal court on March 31. It was this matter that was before the undersigned.

Peter did discuss the section 1983 claims he filed before the Central District in his opposition to the trustees' remand motion: Peter claims his section 1983 averments advanced there hail, at least in part, from the trustee's vexatious litigant allegations. These were not, however, claims that were raised in the state probate matter. Because they were properly the subject of a suit in a separate federal case, the prior Order highlighted that this Court is powerless to adjudicate them (much less rely on claims raised in a separate case as a basis for removal). Importantly, Peter clearly *has* had an opportunity to air his civil rights claims in federal court.

In his application for reconsideration, Peter clarifies that he based his removal action on the Civil Rights Removal Act. That Act allows for removal to federal court where a defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). Peter seems to suggest the alleged civil rights violations are so enmeshed in the probate matter that it cannot be resolved in state court without violating federally protected civil rights. The Supreme Court has carefully

No. C 10-1364 RS
Order

2

cabined removal under this Act. A person must, first, be deprived of a right secured by a federal law dealing with *racial* equality. *Georgia v. Rachel*, 384 U.S. 780, 791 (1966). Second, the person must be deprived of his or her rights pursuant to a specific state statute or state constitutional provision. *Id.* at 800. *See also Commonwealth of Virginia v. Rives*, 100 U.S. 313, 321 (1879) ("When a statute of the State denies [defendant's] right, or interposes a bar to his enforcing it, in the judicial tribunals, the presumption is fair that they will be controlled by it in their decisions; and in such a case a defendant may affirm on oath what is necessary for a removal."). At least as the Court understands them, Peter's allegations hone in on the actions of the Trust's attorneys (as "officers of the court," he argues they are state actors) and do not involve issues of racial disparity. He also cites to no state statute or constitutional provision that interferes with or blocks his rights.

Accordingly, there is no basis to support removal of the underlying probate matter to federal court. As this Court has remanded the matter to state court and closed the docket, it lacks jurisdiction or authority to accept further pleadings or motions.

IT IS SO ORDERED.

Dated: 06/28/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Peter Szanto**
P.O. Box 10451
Newport Beach, CA 92658

DATED: 06/28/2010

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.

No. C 10-1364 RS
ORDER